UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

***

YUSSELL ONOFRE GALLARDO,

Petitioner

v.

MARKWAYNE MULLIN, et al.,

Respondents

Case No. 2:26-cv-01135-MMD-MDC

ORDER

Petitioner Yussell Onofre Gallardo, an immigration detainee challenging the lawfulness of his federal detention at the Henderson Detention Center, filed a verified petition for federal habeas corpus relief under 28 U.S.C. § 2241 (ECF No. 1 ("Petition")) and a motion for preliminary injunction (ECF No. 6 ("PI Motion")).

The Court finds that the Petition establishes a *prima facie* case for relief. Therefore, the Court directs that the Petition be served on the United States Attorney's Office for the District of Nevada ("USAO") and sets a briefing schedule for the Petition and PI Motion.

It is therefore ordered that the Clerk of Court kindly:

1. File the Petition (ECF No. 1).

2. Add the United States Attorneys' Office for the District of Nevada to the docket as an Interested Party. Pursuant to District of Nevada's General Order 2026-03 (Feb. 13, 2026), this constitutes service on all federal respondents under Federal Rule of Civil Procedure 4 and 28 U.S.C. § 2243.

3. Mail a copy of the Petition (ECF No. 1), the PI Motion (ECF No. 6) and this Order pursuant to Rule 4(i)(2) of the Federal Rules of Civil Procedure to Reggie Rader, Police Chief, Henderson Detention Center, 18 E Basic Rd. Henderson, NV 89015.

It is further ordered that the USAO file a notice of appearance within five days of the date of this Order. Respondents must file their answer to the Petition and the PI Motion within ten days of the date of this Order. Respondents must file with their answer any documents reference or relied upon in their responsive pleading.[1] Petitioner will then have five days to file a reply.

It is further ordered that the parties must meet and confer regarding any requests for an extension of deadlines and stipulate to the extension if possible. Any motion for extension must certify efforts taken to meet and confer and indicate the opposing party's position regarding the extension. Any motion or stipulation must comply with Federal Rule of Civil Procedure 6(b) and Local Rules IA 6-1, 6-2.

It is further ordered that Respondents shall not transfer Petitioner out of this District.[2]


DATED THIS 16th Day of April

MIRANDA M. DU
UNITED STATES DISTRICT JUDGE

---

[1]*See Harris v. Nelson*, 394 U.S. 286, 290 (1969) (holding that "a district court, confronted by a petition for habeas corpus which establishes a *prima facie* case for relief, may use or authorize the use of suitable discovery procedures . . . reasonably fashioned to elicit facts necessary to help the court to 'dispose of the matter as law and justice require.'") (citing 28 U.S.C. § 2243).

[2]*See F.T.C. v. Dean Foods Co.*, 384 U.S. 597, 604 (1966) (noting the court may use its "express authority under the All Writs Act to issue such temporary injunctions as may be necessary to protect its own jurisdiction").

2