UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

***

YUSSELL ONOFRE GALLARDO,

                Petitioner

      v.

MARKWAYNE MULLIN, et al.,

                Respondents

Case No. 2:26-cv-01135-MMD-MDC

ORDER

## I.  SUMMARY

Petitioner Yussell Onofre Gallardo, an immigration detainee challenging the lawfulness of his federal detention, filed a petition for federal habeas corpus relief under 28 U.S.C. § 2241 (ECF No. 1 ("Petition")) and a motion for preliminary injunction (ECF No. 6 ("PI Motion")). Respondents filed identical responses to the Petition (ECF No. 16) and the PI Motion (ECF No. 17). Petitioner replied. (ECF No. 19.) For the reasons discussed below, the Court grants the Petition, denies the PI Motion as moot, and orders Gallardo released.

## II.  BACKGROUND

Gallardo is a Mexican citizen who entered the United States in 2004. (ECF No. 1 at 8.) On May 13, 2025, an Immigration Judge ("IJ") ordered Gallardo removed but granted him withholding of removal to Mexico based on his fear of persecution due to his sexual orientation. (*Id.* at 9 (citing ECF No. 1-1 at 1-5).) On December 10 or 11, 2025, Gallardo was taken into the custody of Immigration and Customs Enforcement ("ICE"). (ECF Nos. 1 at 9 (citing ECF No. 1-1 at 9), 16 at 2.)  Petitioner remains in ICE detention to this date.

///

### III.    LEGAL STANDARD AND JURISDICTION

Habeas corpus "is an attack by a person in custody upon the legality of that custody." *Preiser v. Rodriguez*, 411 U.S. 475, 484 (1973). The Constitution guarantees that a writ of habeas corpus is "available to every individual detained within the United States." *Hamdi v. Rumsfeld*, 542 U.S. 507, 525 (2004) (citing U.S. Const., Art I, § 9, cl. 2). A writ of habeas corpus may be granted to a petitioner who demonstrates they are in custody in violation of the Constitution or federal law. *See* 28 U.S.C. § 2241(c)(3). The Court's habeas jurisdiction includes challenges to immigration detention. *See Zadvydas v. Davis*, 533 U.S. 678, 687 (2001); *Demore v. Kim*, 538 U.S. 510, 517 (2003).

As in previous similar cases, the Court rejects Respondents' recurrent argument that the Court lacks jurisdiction. (ECF No. 16 at 5-9); *see Alkarori v. Nevada S. Det. Ctr.*, No. 2:25-CV-02567-MMD-MDC, 2026 WL 266756, at *1 (D. Nev. Feb. 2, 2026); *Sanchez Diaz v. Bondi*, No. 2:26-CV-00310-MMD-MDC, 2026 WL 905848, at *1 (D. Nev. Apr. 2, 2026); *see also Gaitan Coreas v. Mullin, et al.*, No. 2:26-CV-00591-GMN-DJA, 2026 WL 1121974, at *3-*4 (D. Nev. Apr. 24, 2026) (collecting cases). The Court finds "Respondents do not offer any meaningful basis for why the Court's previous analysis does not preclude their arguments here." *Gaitan Coreas,* 2026 WL 1121974, at *3. Respondents argue that the Immigration and Nationality Act and the REAL ID Act deprive the Court of jurisdiction. (ECF No. 16 at 5 (citing 8 U.S.C. §§ 1252(b)(9), (g)).) But these statutory provisions only limit the Court's ability to review challenges to the initiation and adjudication of immigration proceedings or the execution of removal orders. *See* 8 U.S.C. § 1252(g) (depriving jurisdiction over cases arising from the agency's discretion "to commence proceedings, adjudicate cases, or execute removal orders"); *id.* at § 1252(b)(9) (depriving jurisdiction over cases "arising from any action taken or proceeding brought to remove" a noncitizen). Here, Gallardo is challenging the lawfulness of his ongoing detention, not his final removal order or its adjudication. *See Gonzalez v. United States Immigr. & Customs Enf't,* 975 F.3d 788, 810 (9th Cir. 2020) ("[C]laims challenging the legality of detention pursuant to an immigration detainer are independent of the

removal process."); *Ibarra-Perez v. United States*, 154 F.4th 989, 1000 (9th Cir. 2025). Moreover, Respondents' heavy reliance on *Tazu v. Attorney General* is unpersuasive. (ECF No. 16 at 7-9 (citing 975 F.3d 292 (3d Cir. 2020)).) Gallardo is not challenging a "short re-detention for removal" of a few days–he has now been detained for nearly five months. *Tazu*, 975 F.3d at 297. In sum, the Court concludes that it has jurisdiction to adjudicate the Petition.

**IV.     DISCUSSION**

Petitioner argues in Count One of the Petition that his continued detention violates his right to due process because his removal is not reasonably foreseeable. (ECF No. 1 at 15-20.) Respondents counter Gallardo is not eligible for relief because he has not been detained for six months and therefore his detention is "presumptively reasonable." (ECF No. 16 at 10.) The Court finds Petitioner has rebutted this presumption and therefore grants the Petition.

Individuals with final removal orders are subject to mandatory detention during a 90-day removal period. *See* 8 U.S.C. §§ 1231(a)(1), (2)(A). While the Attorney General has discretion to detain noncitizens beyond the 90-day removal period, the Supreme Court found due process imposes an "implicit limitation" on that discretion. *See* 8 U.S.C. § 1231(a)(6); *Zadvydas*, 533 U.S. at 689. Indefinite detention "would raise a serious constitutional problem" under the Fifth Amendment. *Zadvydas*, 533 U.S. at 690. The Supreme Court "held that [a non-citizen] may be detained only for 'a period reasonably necessary to bring about that [non-citizen's] removal from the United States.'" *Johnson v. Guzman Chavez*, 594 U.S. 523, 529 (2021) (quoting *Zadvydas*, 533 U.S. at 689)). A noncitizen with a final order of removal may not remain detained where "there is no significant likelihood of removal in the reasonably foreseeable future." *Zadvydas,* 533 U.S. at 701. The Supreme Court found it "practically necessary to recognize some presumptively reasonable period of detention" to effectuate removal and adopted six months "to guide lower court determinations." *Id.* at 702. The Court rejected a rigid application of this six-month period, reasoning that a detainee is not guaranteed release

after six months. *See id.* Correspondingly, the government is not guaranteed the right to detain a noncitizen for at least six months. *See Hoang Trinh v. Homan*, 333 F. Supp. 3d 984, 994 (C.D. Cal. 2018) ("The Supreme Court in *Zadvydas* outlined a 'guide' for approaching these detention challenges... not a prohibition on claims challenging detention less than six months."); *Ali v. Dep't of Homeland Sec.*, 451 F. Supp. 3d 703, 707 (S.D. Tex. 2020) ("This six-month presumption is not a bright line... and *Zadvydas* did not automatically authorize all detention until it reaches constitutional limits."). The six-month presumption may be rebutted where there is no significant likelihood of removal in the reasonably foreseeable future. *See Alkarori*, 2026 WL 266756 at *2; *Vijdani v. Mattos*, 2:25-cv-02496-GMN-EJY, 2026 WL 560209, at *3-4 (D. Nev. 2026); *Perez Canet v. Blanche*, Case No. 2:26-cv-00223-APG-NJK, 2026 WL 1091763 at *3 (D. Nev. 2026).

Petitioner has been detained for nearly five months. In the record before the Court, there is no evidence of efforts by the government to remove Petitioner in that time. Moreover, Petitioner was ordered removed nearly a year ago. Other than his present ongoing detention, there is no evidence before the Court that the government has taken any steps to effectuate his removal. Petitioner cannot be removed to his home country of Mexico as the IJ granted him withholding of removal due to fear of persecution. While a non-citizen may legally be removed to a third country, "Respondents have not even asserted a potential country of removal" (ECF No. 19 at 7-8); *compare with Alkarori*, 2026 WL 266756 at *6-7. "[T]here is no indication that any action has been taken to even identify a country for Petitioner to be removed to." *Cavieres Gomez v. Mattos*, 2:25-cv-00975-GMN-BNW, 2025 WL 3101994 at *6 (D. Nev. Nov. 6, 2025). Considering Respondents "make no assertions and offer no evidence that there is any prospect of removal of Petitioner to any country whatsoever," the Court finds Petitioner rebuts the presumptive reasonableness of his continuing detention. (ECF No. 19 at 3.) Respondents' only responsive argument is that Petitioner "has only been detained approximately 126 days" (now 144 days), and therefore "has not reached the 180-day presumptively reasonable period" outlined in *Zadvydas*. (ECF No. 16 at 10.) But "what *Zadvydas* did

4

make clear was that it was adopting a presumption—not a conclusive bar to adjudication of whether continued detention is authorized that lifts only after six months have elapsed" *Medina v. Noem*, 794 F. Supp. 3d 365, 375 (D. Md. 2025). Unrebutted "allegations that no specific plans have been made to deport him, and no third country designation has been made demonstrates there is no significant likelihood of removal in the reasonably foreseeable future." *Vijdani*, 2026 WL 560209 at *4. Therefore, the Court finds Petitioner's ongoing detention is unlawful and orders him released.

**V.     CONCLUSION**

The Court notes that the parties made several arguments and cited to several cases not discussed above. The Court has reviewed these arguments and cases and determines that they do not warrant discussion as they do not affect the outcome of the Petition. In particular, because the Court grants Petitioner's requested relief on Count One, it does not address the remaining arguments as they would not impact the outcome of the case.

It is therefore ordered that Gallardo's Petition (ECF No. 1) is granted. Respondents must immediately release Gallardo no later than 12:00 PM on Wednesday, May 6, 2026, subject to reasonable terms of supervision. *See* 8 U.S.C. §§ 1231(a)(6), (a)(3). Determining reasonable terms of supervision shall not in any way impede the immediate release of Gallardo.

It is further ordered that Petitioner's motion for preliminary injunction (ECF No. 6) is denied as moot.

It is further ordered that the parties shall file a joint status report by Thursday, May 7, 2026 confirming Respondents' compliance with this Order.

DATED THIS 5th Day of May 2026

_____
MIRANDA M. DU
UNITED STATES DISTRICT JUDGE

5